FORM 2
COVER SHEET

# In The United States Court of Federal Claims

Cover Sheet

Plaintiff(s) or Petitioner(s) Queenie Schaffer 06-881 T

If this is a multi-plaintiff case, pursuant to RCFC 20(a), please attach an alphabetized, numbered list of all plaintiffs.

Name of the attorney of record (See RCFC 83.1(c)): Bernard S. Mark

Firm Name: Kestenbaum & Mark

Post Office Box:

Street Address: 40 Cutter Mill Road

City-State-Zip: Great Neck, New York 11021

Telephone & Facsimile Numbers: (516) 466-0410; (516) 829-3729

Is the attorney of record admitted to the Court of Federal Claims Bar? ☒ Yes ☐ No

Does the attorney of record have a Court of Federal Claims ECF account? ☒ Yes ☐ No

If not admitted to the court or enrolled in the court's ECF system, please call (202) 357-6402 for admission papers and/or enrollment instructions.

Nature of Suit Code: 2 0 8

Select only one (three digit) nature-of-suit code from the attached sheet and if numbers 118, 134, 226, 312, 356, or 528 are used, please explain.

Agency Identification Code: T R E

See attached sheet for three-digit codes.

Amount Claimed: $ 150,193.11

Use estimate if specific amount is not pleaded.

Disclosure Statement:
Is a RCFC 7.1 Disclosure Statement required? ☐ Yes ☒ No

If yes, please note that two copies are necessary.

Bid Protest:
Indicate approximate dollar amount of procurement at issue: $ N/A
Is plaintiff a small business? ☐ Yes ☒ No

Vaccine Case: N/A
Date of Vaccination: ____________

Related Cases:
Is this case directly related to any pending or previous case? ☐ Yes ☒ No

If yes, you are required to file a separate notice of directly related case(s). See RCFC 40.2.

ORIGINAL

FILED
DEC 26 2006
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---------------------------------------------------- x

QUEENIE SCHAFFER, :

Plaintiff, :

v. :

UNITED STATES OF AMERICA :

---------------------------------------------------- x

06-881 T

**COMPLAINT**

**COUNT 1**

1. Plaintiff, Queenie Schaffer, is an individual currently residing at 165 Underhill Road, Scarsdale, New York 10583 . Her social security number is 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.

2. Defendant is the United States of America.

3. This is an action for the recovery of federal gift tax and interest erroneously or illegally assessed and collected under the Internal Revenue Code, and this Court has jurisdiction by reason of 28 U.S.C. §1491(a)(1).

4. Recovery is sought of federal gift tax for the taxable year ended December 31, 1995. On or before April 15, 1996, Plaintiff filed a timely gift tax return for the year 1995 with the Internal Revenue Service Center at Holtsville, New York. Because of the then unified credit, no gift taxes were payable on account of this return.

5. On or about May 8, 2000, the Defendant assessed against Plaintiff federal gift tax of $92,253.21, and interest of $37,334.92 for the year 1995. On or about May 15, 2000, Plaintiff paid to the Internal Revenue Service on account of this assessment the sum of $129,588.13.

6. On or about May 1, 2002, Plaintiff filed a Form 843A Claim with the Internal Revenue Service Center at Holtsville, New York, for refund of federal gift tax and interest paid for 1995 in the amount of $129,588.13, together with interest as allowed by law. A copy of this Claim is attached hereto, marked Exhibit A, and made a part hereof. On June 12, 2006, the Appeals Division of the Internal Revenue Service disallowed said Claim.

7. During 1995, Plaintiff made a gift of shares of stock of Case Paper Company, Inc. ("Case Paper"), which was reported on the afore-described gift tax return with a fair market value of $1,300.00 per share.

8. With respect to said gift, as reported, the Plaintiff secured an appraisal from a recognized appraisal firm. However, the appraisal secured by Plaintiff and relied on by Plaintiff in the filing of the gift tax return determined a value for the Case Paper stock which was overstated in several respects, failing to consider all factors then known or determinable. Further, the appraisal failed to consider new valuation factors and techniques generally accepted by the appraisal industry, Internal Revenue Service and Court precedent. As a result, the Plaintiff overstated the fair market value of the Case Paper stock which was gifted during 1995.

9. Plaintiff has overpaid her federal gift tax and interest for the year 1995 in the amount of $129,588.13. Defendant has refused and continues to refuse to refund the taxes claimed by Plaintiff, and for the reasons set out in the Claim, Exhibit A hereto and in the foregoing paragraphs, Plaintiff is entitled to and hereby demands judgment against Defendant for the full amount of $129,588.13, or such other amount as is appropriate, plus interest thereon as provided by law.

**COUNT 2**

10-12. Plaintiff restates and realleges paragraphs 1 through 3 of this complaint as paragraphs 10 through 12.

13. Recovery is sought of federal gift tax for the taxable year ending December 31, 1996. On or before April 15, 1997, Plaintiff filed a federal gift tax return for the year 1996 with the Internal Revenue Service Center at Holtsville, New York. Because of the then unified credit, no gift taxes were payable on account of this return.

14. On or about May 8, 2000, the Defendant assessed against Plaintiff federal gift tax of $8,923.24 and interest of $2,558.36 for the year 1996. On or about May 15, 2000, Plaintiff paid to the Internal Revenue Service on account of this assessment the sum of $11,481.60.

15. On or about May 1, 2002, Plaintiff filed a Form 843A Claim with the Internal Revenue Service at Holtsville, New York, for refund of federal gift tax and interest paid for 1996 in the amount of $11,481.60 together with interest as allowed by law. A copy of this Claim is attached hereto, marked as Exhibit B, and made a part hereof. On June 12, 2006, the Appeals Division of the Internal Revenue Service disallowed said Claim.

16. During 1996, Plaintiff made a gift of shares of stock of Case Paper, which was reported on the afore-described gift tax return with a fair market value of $14.75 per share.

17. With respect to said gift, as reported, the Plaintiff secured an appraisal from a recognized appraisal firm. However, the appraisal secured by Plaintiff and relied on by Plaintiff in the filing of the gift tax return determined a value for the Case Paper stock which was overstated in several respects, failing to consider all factors then known or determinable. Further, because the appraisal failed to consider new valuation factors and techniques generally accepted by the appraisal industry, Internal Revenue Service and Court precedent. As a result, the Plaintiff overstated the fair market value of the Case Paper stock which was gifted during 1996.

18. Plaintiff has overpaid her federal gift tax and interest for 1996 in the amount of $11,481.60. Defendant has refused and continues to refuse to refund the taxes claimed by Plaintiff, and for the reasons set out in the Claim, Exhibit B hereto and in the foregoing paragraphs, Plaintiff is entitled to and hereby demands judgment against Defendant for the full amount of $11,481.60, or such other amount as is appropriate, plus interest thereon as provided by law.

**COUNT 3**

19. Plaintiff restates and realleges paragraphs 1 through 3 of this complaint as paragraphs 20 through 22.

23. Recovery is sought of federal gift tax for the taxable year ending December 31, 1997. On or before April 15, 1998, Plaintiff filed a federal gift tax return for the year 1997 with the Internal Revenue Service Center at Holtsville, New York. Because of the then unified credit, no gift taxes were payable on account of this return.

24. On or about May 8, 2000, the Defendant assessed against Plaintiff federal gift tax of $7,754.94 and interest of $1,368.44 for the year 1997. On or about May 15, 2000, Plaintiff paid to the Internal Revenue Service on account of this assessment the sum of $9,123.38.

25. On or about May 1, 2002, Plaintiff filed a Form 843A Claim with the Internal Revenue Service at Holtsville, New York, for refund of federal gift tax and interest paid for 1997 in the amount of $9,123.38 together with interest as allowed by law. A copy of this Claim is attached hereto, marked as Exhibit C, and made a part hereof. On June 12, 2006, the Appeals Division of the Internal Revenue Service disallowed said Claim.

26. During 1997, Plaintiff made a gift of shares of stock of Case Paper, which was reported on the afore-described gift tax return with a fair market value of $14.75 per share.

27. With respect to said gift, as reported, the Plaintiff secured an appraisal from a recognized appraisal firm. However, the appraisal secured by Plaintiff and relied on by Plaintiff in the filing of the gift tax return determined a value for the Case Paper stock which was overstated in several respects, failing to consider all factors then known or determinable. Further, because the appraisal failed to consider new valuation factors and techniques generally accepted by the appraisal industry, Internal Revenue Service and Court precedent. As a result,

the Plaintiff overstated the fair market value of the Case Paper stock which was gifted during 1997.

28. Plaintiff has overpaid her federal gift tax and interest for 1997 in the amount of $9,123.38. Defendant has refused and continues to refuse to refund the taxes claimed by Plaintiff, and for the reasons set out in the Claim, Exhibit C hereto and in the foregoing paragraphs, Plaintiff is entitled to and hereby demands judgment against Defendant for the full amount of $9,128.38, or such other amount as is appropriate, plus interest thereon as provided by law.

29. No action on the Claims for Refund attached as Exhibits A, B and C has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

30. Plaintiff is the sole owner of the Claims included in Exhibits A, B and C and asserted herein, and has made no assignment thereof.

WHEREFORE, Plaintiff demands judgment in the amount of $150,193.11, plus interest and costs allowed by law, and such other relief as the Court may deem just, including the award of reasonable litigation costs incurred in this proceeding, under 26 U.S.C. §7430.

Bernard S. Mark, Esq.
Kestenbaum & Mark
40 Cutter Mill Road
Great Neck, New York 11021
(516) 466-0410
Attorney for Plaintiff

Dated: 12/21, 2006

F:\Myrna\petition\Schaffer.Queenie.3rd Year.wpd

Form **843** (Rev. January 1997) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see **General Instructions**).*

Please type or print

| | |
|---|---|
| Name of claimant: QUEENIE SCHAFFER | Your social security number: 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 |
| Address (number, street, and room or suite no.): 165 UNDERHILL ROAD | Spouse's social security number: |
| City or town, state, and ZIP code: SCARSDALE, NY 10583 | Employer identification number: |
| Name and address shown on return if different from above: | Daytime telephone number: |

1 Period — prepare a separate Form 843 for each tax period
From JANUARY 1 , 19 95 , to DECEMBER 31 , 19 95

2 Amount to be refunded or abated
$ 129,588 *

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☒ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ 2501

b Type of return filed (see instructions):
☐ 706 ☒ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

4a Request for abatement or refund of:
☐ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.
SEE ATTACHED

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Signature Date



* includes interest

**EXHIBIT A**

Queenie Schaffer
SS # 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
Form 843 Attachment
1995

The Taxpayer is filing this claim for refund due to the IRS's overvaluation of Case Paper Company Inc. stock, which was gifted by the Taxpayer in the above referenced year. The taxpayer has ascertained the correct fair market value of said stock as of the date of the gift by an independent appraisal, which supports this claim for refund.

Schaffer
Federal 1994-1997 Gift Tax Audit
Additional Amounts Paid

IRS notices dated May 8, 2000 ( see attached )

| Taxpayer | 1995 | | | 1996 | | | 1997 | | | TOTALS | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Fed tax | Fed int | Total | Fed tax | Fed int | Total | Fed tax | Fed int | Total | Fed tax | Fed int | Total |
| Robin | 92,253.21 | 37,334.92 | 129,588.13 | 8,923.24 | 2,558.36 | 11,481.60 | 7,754.94 | 1,368.44 | 9,123.38 | 108,931.39 | 41,261.72 | 150,193.11 |
| Queenie | 92,253.21 | 37,334.92 | 129,588.13 | 8,923.24 | 2,558.36 | 11,481.60 | 7,754.94 | 1,368.44 | 9,123.38 | 108,931.39 | 41,261.72 | 150,193.11 |
| Total | 184,506.42 | 74,669.84 | 259,176.26 | 17,846.48 | 5,116.72 | 22,963.20 | 15,509.88 | 2,736.88 | 18,246.76 | 217,862.78 | 82,523.44 | 300,386.22 |

5/1/2002

Department of the Treasury
Internal Revenue Service
HOLTSVILLE NY 00501

Date of this notice: MAY 8, 2000
Taxpayer Indentifying Number 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
Form: 709 Tax Period: DEC. 31, 1995

For assistance you may call us at:
1-800-829-8815

QUEENIE GOLDMAN
SALTZER LASSAR PICCINNINI
%JEFFREY L SALTZER
225 WEST 34TH STREET
NEW YORK NY 10122-0199258

STATEMENT OF ADJUSTMENT TO YOUR ACCOUNT

| | | |
|---|---|---|
| BALANCE DUE ON ACCOUNT BEFORE ADJUSTMENT | | $.00 |
| ADJUSTMENT COMPUTATION | | |
| TAX-INCREASE | $92,253.21 | |
| INTEREST CHARGED | 37,334.92 | |
| NET ADJUSTMENT CHARGE | | 129,588.13 |
| BALANCE DUE | | $129,588.13 |

TO AVOID ADDITIONAL FAILURE TO PAY PENALTY AND INTEREST, PLEASE ALLOW ENOUGH MAILING TIME SO THAT WE RECEIVE YOUR PAYMENT BY MAY 22, 2000. MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO THE UNITED STATES TREASURY. SHOW YOUR TAXPAYER IDENTIFICATION NUMBER OR YOUR IDENTIFYING NUMBER ON YOUR PAYMENT AND MAIL IT WITH THE STUB PORTION OF THIS NOTICE. IF YOU THINK WE MADE A MISTAKE, PLEASE CALL US AT THE NUMBER LISTED ABOVE. WHEN YOU CALL, PLEASE HAVE YOUR PAYMENT INFORMATION AND A COPY OF YOUR TAX RETURN AVAILABLE. THIS INFORMATION WILL HELP US FIND ANY PAYMENT YOU MADE THAT WE HAVEN'T APPLIED.

ABOUT YOUR NOTICE. YOU MAY CALL YOUR LOCAL IRS TELEPHONE NUMBER IF THE NUMBER SHOWN IS A LONG-DISTANCE CALL FOR YOU. ALL DAYS MENTIONED IN THE PARAGRAPHS BELOW ARE CALENDAR DAYS, UNLESS SPECIFICALLY STATED OTHERWISE.

ACTION REQUIRED ON BALANCE DUE ACCOUNTS

PAYMENT - PLEASE MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO THE UNITED STATES TREASURY. WRITE ON YOUR PAYMENT YOUR SOCIAL SECURITY NUMBER OR EMPLOYER IDENTIFICATION NUMBER, THE TAX PERIOD AND TAX FORM. MAIL YOUR PAYMENT WITH THE BOTTOM PART STUB OF YOUR NOTICE IN THE ENCLOSED ENVELOPE, OR TO THE ADDRESS ON THE FRONT OF YOUR NOTICE.

NOTICE ABOUT PARTIAL PAYMENTS - GENERALLY, WE APPLY YOUR PAYMENT FIRST TO TAX, THEN TO PENALTY, AND FINALLY TO THE INTEREST YOU OWE.

THE INTEREST RATES ON UNDERPAYMENT AND OVERPAYMENT OF TAXES ARE AS FOLLOWS:

| PERIODS | PERCENTAGE RATES UNDERPAYMENT | OVERPAYMENT |
|---|---|---|
| OCTOBER 1, 1988 THROUGH MARCH 31, 1989 | 11 | 10 |
| APRIL 1, 1989 THROUGH SEPTEMBER 30, 1989 | 12 | 11 |
| OCTOBER 1, 1989 THROUGH MARCH 31, 1991 | 11 | 10 |
| APRIL 1, 1991 THROUGH DECEMBER 31, 1991 | 10 | 9 |
| JANUARY 1, 1992 THROUGH MARCH 31, 1992 | 9 | 8 |
| APRIL 1, 1992 THROUGH SEPTEMBER 30, 1992 | 8 | 7 |
| OCTOBER 1, 1992 THROUGH JUNE 30, 1994 | 7 | 6 |
| JULY 1, 1994 THROUGH SEPTEMBER 30, 1994 | 8 | 7 |
| OCTOBER 1, 1994 THROUGH MARCH 31, 1995 | 9 | 8 |
| APRIL 1, 1995 THROUGH JUNE 30, 1995 | 10 | 9 |
| JULY 1, 1995 THROUGH MARCH 31, 1996 | 9 | 8 |
| APRIL 1, 1996 THROUGH JUNE 30, 1996 | 8 | 7 |
| JULY 1, 1996 THROUGH MARCH 31, 1998 | 9 | 8 |
| APRIL 1, 1998 THROUGH DECEMBER 31, 1998 | 8 | 7 |
| JANUARY 1, 1999 THROUGH MARCH 31, 1999 | 7 | 7 |
| APRIL 1, 1999 THROUGH MARCH 31, 2000 | 8 | 8 |
| BEGINNING APRIL 1, 2000 | 9 | 9 |

BEGINNING JANUARY 1, 1999, THE INTEREST RATE WE PAY ON OVERPAYMENT OF TAXES, EXCEPT FOR CORPORATE TAXES, IS THE SAME AS THE RATE OF INTEREST WE CHARGE ON THE UNDERPAYMENT OF TAXES. THE LAW REQUIRES US TO REDETERMINE THESE INTEREST RATES QUARTERLY. FROM JANUARY 1, 1987 THROUGH DECEMBER 31, 1998, THE INTEREST RATE WE PAID ON AN OVERPAYMENT OF TAXES WAS ONE PERCENT LESS THAN THE RATE OF INTEREST WE CHARGED ON YOUR UNDERPAYMENT OF TAXES.

WE COMPOUND INTEREST DAILY EXCEPT ON LATE OR UNDERPAID ESTIMATED TAXES FOR INDIVIDUALS OR CORPORATIONS.

WE CHARGE A SPECIAL INTEREST RATE OF 120 PERCENT OF THE UNDERPAYMENT RATE IF:

- THE RETURN, NOT INCLUDING EXTENSIONS, WAS DUE BEFORE JANUARY 1, 1990,
- THE UNDERPAYMENT WAS MORE THAN $1,000, AND
- THE UNDERPAYMENT CAME FROM A TAX-MOTIVATED TRANSACTION.

WE CHARGE INTEREST ON PENALTIES FOR LATE FILING, OVER OR UNDERSTATING VALUATIONS, AND SUBSTANTIALLY UNDERSTATING THE TAX YOU OWE. ALSO, WE CHARGE INTEREST ON FRAUD AND NEGLIGENCE PENALTIES IF THE TAX RETURNS, INCLUDING EXTENSIONS, ARE DUE AFTER DECEMBER 31, 1988.

WE CONTINUE TO CHARGE INTEREST UNTIL YOU PAY THE AMOUNT YOU OWE IN FULL.

AFTER DECEMBER 31, 1990, THE LAW ALLOWS US TO CHARGE INTEREST AT THE UNDERPAYMENT RATE PLUS TWO PERCENT ON UNDERPAYMENTS OF MORE THAN $100,000 FOR LARGE (C) CORPORATIONS.

$37,334.92 INTEREST

WE CHARGE INTEREST BECAUSE, ACCORDING TO OUR RECORDS, YOU DIDN'T PAY YOUR TAX ON TIME. WE FIGURE INTEREST FROM THE DUE DATE OF YOUR RETURN TO THE DATE WE RECEIVE YOUR FULL PAYMENT OR THE DATE OF THIS NOTICE (REGARDLESS OF EXTENSIONS).

CORPORATE INTEREST - WE CHARGE ADDITIONAL INTEREST OF 2% BECAUSE, ACCORDING TO OUR RECORDS, YOU DIDN'T MAKE YOUR CORPORATE TAX PAYMENT WITHIN 30 DAYS AFTER THE IRS NOTIFIED YOU OF THE UNDERPAYMENT OF TAX. THIS INTEREST BEGINS ON THE 31ST DAY AFTER WE NOTIFY YOU OF THE UNDERPAYMENT ON TAX AMOUNTS YOU OWE OVER $100,000, MINUS YOUR TIMELY PAYMENTS AND CREDITS.

INTEREST REDUCED

IF WE REDUCE INTEREST THAT YOU PREVIOUSLY REPORTED AS A DEDUCTION ON YOUR TAX RETURN, YOU MUST REPORT THIS REDUCTION OF INTEREST AS INCOME ON YOUR TAX RETURN FOR THE YEAR WE REDUCE IT.

INTEREST REMOVED - ERRONEOUS REFUND

THE LAW REQUIRES US TO REMOVE INTEREST UP TO THE DATE WE REQUEST YOU TO REPAY THE ERRONEOUS REFUND WHEN:

- YOU DIDN'T CAUSE THE ERRONEOUS REFUND IN ANY WAY, AND
- THE REFUND DOESN'T EXCEED $50,000.

THE IRS MAY REMOVE OR REDUCE INTEREST ON OTHER ERRONEOUS REFUNDS BASED ON FACTS AND CIRCUMSTANCES INVOLVED IN EACH CASE.

ANNUAL INTEREST NETTING

EFFECTIVE JANUARY 1, 1987, THROUGH DECEMBER 31, 1998, THE INTEREST RATE WE PAID ON THE OVERPAYMENT OF TAXES WAS 1% LESS THAN THE INTEREST RATE WE CHARGED ON THE UNDERPAYMENT OF TAXES. AS OF JANUARY 1, 1999, THE OVERPAYMENT AND UNDERPAYMENT RATES OF INTEREST THAT WE PAY AND CHARGE ARE THE SAME, EXCEPT FOR CORPORATE OVERPAYMENTS. IF WE REFUND AN OVERPAYMENT WITH INTEREST AND WE HAVE TO INCREASE THE TAX AT A LATER DATE, WE GIVE SPECIAL CONSIDERATION TO THE INTEREST ON THAT ACCOUNT.

ON THE TAX INCREASE MADE AFTER THE REFUND, WE WILL CHARGE THE LOWER REFUND RATE OF INTEREST (UP TO THE AMOUNT OF THE REFUND) FOR THE SAME TIME PERIOD THAT WE PAID INTEREST ON THE OVERPAYMENT.

NET RATE OF INTEREST

FOR INTEREST PERIODS BEGINNING AFTER JULY 22, 1998, IF YOU OWE INTEREST TO THE IRS ON AN UNDERPAYMENT FOR THE SAME PERIOD OF TIME THAT THE IRS OWES YOU INTEREST ON AN OVERPAYMENT, THE IRS WILL CHARGE YOU INTEREST AT THE OVERPAYMENT INTEREST RATE ON THE AMOUNT OF UNDERPAYMENT, UP TO THE AMOUNT OF OVERPAYMENT.

FOR INTEREST PERIODS BEGINNING BEFORE JULY 22, 1998, THE SAME RULE APPLIES IF:
- YOU REASONABLY IDENTIFY AND SHOW THE PERIODS DURING WHICH YOUR UNDERPAYMENT AND OVERPAYMENT AMOUNTS ARE EQUAL,
- YOUR STATUTE OF LIMITATIONS HAS NOT EXPIRED, AND
- YOU REQUEST INTEREST NETTING NO LATER THAN DECEMBER 31, 1999.

TO REQUEST INTEREST NETTING, COMPLETE FORM 843, CLAIM FOR REFUND AND REQUEST FOR ABATEMENT, AND FILE IT AT THE IRS OFFICE WHERE YOU FILED YOUR RETURN.

---

ETURN THIS PART TO US WITH YOUR CHECK OR INQUIRY
OUR TELEPHONE NUMBER      BEST TIME TO CALL
)   -

AMOUNT YOU OWE.................$129,588.13

LESS PAYMENTS NOT INCLUDED.$________

PAY ADJUSTED AMOUNT........$________

079448142 VJ GOLD 51 0 199512 670   00012958813

220

INTERNAL REVENUE SERVICE
HOLTSVILLE NY 00501

QUEENIE GOLDMAN
SALTZER LASSAR PICCINNINI
%JEFFREY L SALTZER
225 WEST 34TH STREET
NEW YORK NY 10122-0199258

200017 1609

19547-511-00004-0

Form **843**
(Rev. January 1997)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

**Do not** *use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see* **General Instructions***).*

Please type or print

Name of claimant: QUEENIE SCHAFFER
Your social security number: 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
Address (number, street, and room or suite no.): 165 UNDERHILL ROAD
Spouse's social security number:
City or town, state, and ZIP code: SCARSDALE, NY 10583
Employer identification number:
Name and address shown on return if different from above:
Daytime telephone number:

1 Period — prepare a separate Form 843 for each tax period
From JANUARY 1, 19 96, to DECEMBER 31, 19 96

2 Amount to be refunded or abated
$ 11,482 *

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☒ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ 2501

b Type of return filed (see instructions):
☐ 706 ☒ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

4a Request for abatement or refund of:
☐ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.
SEE ATTACHED

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Signature Date

Queenie Schaffer
SS # 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
Form 843 Attachment
1996

The Taxpayer is filing this claim for refund due to the IRS's overvaluation of Case Paper Company Inc. stock, which was gifted by the Taxpayer in the above referenced year. The taxpayer has ascertained the correct fair market value of said stock as of the date of the gift by an independent appraisal, which supports this claim for refund.

Schaffer
Federal 1994-1997 Gift Tax Audit
Additional Amounts Paid

IRS notices dated May 8, 2000 ( see attached )

| Taxpayer | 1995 | | | 1996 | | | 1997 | | | TOTALS | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Fed tax | Fed int | Total | Fed tax | Fed int | Total | Fed tax | Fed int | Total | Fed tax | Fed int | Total |
| Robin | 92,253.21 | 37,334.92 | 129,588.13 | 8,923.24 | 2,558.36 | 11,481.60 | 7,754.94 | 1,368.44 | 9,123.38 | 108,931.39 | 41,261.72 | 150,193.11 |
| Queenie | 92,253.21 | 37,334.92 | 129,588.13 | 8,923.24 | 2,558.36 | 11,481.60 | 7,754.94 | 1,368.44 | 9,123.38 | 108,931.39 | 41,261.72 | 150,193.11 |
| Total | 184,506.42 | 74,669.84 | 259,176.26 | 17,846.48 | 5,116.72 | 22,963.20 | 15,509.88 | 2,736.88 | 18,246.76 | 217,862.78 | 82,523.44 | 300,386.22 |

5/1/2002

Department of the Treasury
Internal Revenue Service
HOLTSVILLE NY 00501

Date of this notice: MAY 8, 2000
Taxpayer Indentifying Number 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
Form: 709 Tax Period: DEC. 31, 1996

For assistance you may call us at:

1-800-829-8815

QUEENIE GOLDMAN
SALTZER LASSAR PICCINNINI
%JEFFREY L SALTZER
225 WEST 34TH STREET
NEW YORK NY 10122-0199258

STATEMENT OF ADJUSTMENT TO YOUR ACCOUNT

| | | |
|---|---|---|
| BALANCE DUE ON ACCOUNT BEFORE ADJUSTMENT | | $.00 |
| ADJUSTMENT COMPUTATION | | |
| TAX-INCREASE | $8,923.24 | |
| INTEREST CHARGED | 2,558.36 | |
| NET ADJUSTMENT CHARGE | | 11,481.60 |
| BALANCE DUE | | $11,481.60 |

TO AVOID ADDITIONAL FAILURE TO PAY PENALTY AND INTEREST, PLEASE ALLOW ENOUGH MAILING TIME SO THAT WE RECEIVE YOUR PAYMENT BY MAY 29, 2000. MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO THE UNITED STATES TREASURY. SHOW YOUR TAXPAYER IDENTIFICATION NUMBER OR YOUR IDENTIFYING NUMBER ON YOUR PAYMENT AND MAIL IT WITH THE STUB PORTION OF THIS NOTICE. IF YOU THINK WE MADE A MISTAKE, PLEASE CALL US AT THE NUMBER LISTED ABOVE. WHEN YOU CALL, PLEASE HAVE YOUR PAYMENT INFORMATION AND A COPY OF YOUR TAX RETURN AVAILABLE. THIS INFORMATION WILL HELP US FIND ANY PAYMENT YOU MADE THAT WE HAVEN'T APPLIED.

ABOUT YOUR NOTICE. YOU MAY CALL YOUR LOCAL IRS TELEPHONE NUMBER IF THE NUMBER SHOWN IS A LONG-DISTANCE CALL FOR YOU. ALL DAYS MENTIONED IN THE PARAGRAPHS BELOW ARE CALENDAR DAYS, UNLESS SPECIFICALLY STATED OTHERWISE.

ACTION REQUIRED ON BALANCE DUE ACCOUNTS

PAYMENT - PLEASE MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO THE UNITED STATES TREASURY. WRITE ON YOUR PAYMENT YOUR SOCIAL SECURITY NUMBER OR EMPLOYER IDENTIFICATION NUMBER, THE TAX PERIOD AND TAX FORM. MAIL YOUR PAYMENT WITH THE BOTTOM PART STUB OF YOUR NOTICE IN THE ENCLOSED ENVELOPE, OR TO THE ADDRESS ON THE FRONT OF YOUR NOTICE.

NOTICE ABOUT PARTIAL PAYMENTS - GENERALLY, WE APPLY YOUR PAYMENT FIRST TO TAX, THEN TO PENALTY, AND FINALLY TO THE INTEREST YOU OWE.

THE INTEREST RATES ON UNDERPAYMENT AND OVERPAYMENT OF TAXES ARE AS FOLLOWS:

| PERIODS | PERCENTAGE RATES UNDERPAYMENT | OVERPAYMENT |
|---|---|---|
| OCTOBER 1, 1988 THROUGH MARCH 31, 1989 | 11 | 10 |
| APRIL 1, 1989 THROUGH SEPTEMBER 30, 1989 | 12 | 11 |
| OCTOBER 1, 1989 THROUGH MARCH 31, 1991 | 11 | 10 |
| APRIL 1, 1991 THROUGH DECEMBER 31, 1991 | 10 | 9 |
| JANUARY 1, 1992 THROUGH MARCH 31, 1992 | 9 | 8 |
| APRIL 1, 1992 THROUGH SEPTEMBER 30, 1992 | 8 | 7 |
| OCTOBER 1, 1992 THROUGH JUNE 30, 1994 | 7 | 6 |
| JULY 1, 1994 THROUGH SEPTEMBER 30, 1994 | 8 | 7 |
| OCTOBER 1, 1994 THROUGH MARCH 31, 1995 | 9 | 8 |
| APRIL 1, 1995 THROUGH JUNE 30, 1995 | 10 | 9 |
| JULY 1, 1995 THROUGH MARCH 31, 1996 | 9 | 8 |
| APRIL 1, 1996 THROUGH JUNE 30, 1996 | 8 | 7 |
| JULY 1, 1996 THROUGH MARCH 31, 1998 | 9 | 8 |
| APRIL 1, 1998 THROUGH DECEMBER 31, 1998 | 8 | 7 |
| JANUARY 1, 1999 THROUGH MARCH 31, 1999 | 7 | 7 |
| APRIL 1, 1999 THROUGH MARCH 31, 2000 | 8 | 8 |
| BEGINNING APRIL 1, 2000 | 9 | 9 |

BEGINNING JANUARY 1, 1999, THE INTEREST RATE WE PAY ON OVERPAYMENT OF TAXES, EXCEPT FOR CORPORATE TAXES, IS THE SAME AS THE RATE OF INTEREST WE CHARGE ON THE UNDERPAYMENT OF TAXES. THE LAW REQUIRES US TO REDETERMINE THESE INTEREST RATES QUARTERLY. FROM JANUARY 1, 1987 THROUGH DECEMBER 31, 1998, THE INTEREST RATE WE PAID ON AN OVERPAYMENT OF TAXES WAS ONE PERCENT LESS THAN THE RATE OF INTEREST WE CHARGED ON YOUR UNDERPAYMENT OF TAXES.

WE COMPOUND INTEREST DAILY EXCEPT ON LATE OR UNDERPAID ESTIMATED TAXES FOR INDIVIDUALS OR CORPORATIONS.

WE CHARGE A SPECIAL INTEREST RATE OF 120 PERCENT OF THE UNDERPAYMENT RATE IF:

- THE RETURN, NOT INCLUDING EXTENSIONS, WAS DUE BEFORE JANUARY 1, 1990,
- THE UNDERPAYMENT WAS MORE THAN $1,000, AND
- THE UNDERPAYMENT CAME FROM A TAX-MOTIVATED TRANSACTION.

WE CHARGE INTEREST ON PENALTIES FOR LATE FILING, OVER OR UNDERSTATING VALUATIONS, AND SUBSTANTIALLY UNDERSTATING THE TAX YOU OWE. ALSO, WE CHARGE INTEREST ON FRAUD AND NEGLIGENCE PENALTIES IF THE TAX RETURNS, INCLUDING EXTENSIONS, ARE DUE AFTER DECEMBER 31, 1988.

WE CONTINUE TO CHARGE INTEREST UNTIL YOU PAY THE AMOUNT YOU OWE IN FULL.

AFTER DECEMBER 31, 1990, THE LAW ALLOWS US TO CHARGE INTEREST AT THE UNDERPAYMENT RATE PLUS TWO PERCENT ON UNDERPAYMENTS OF MORE THAN $100,000 FOR LARGE (C) CORPORATIONS.

$2,558.36 INTEREST

WE CHARGE INTEREST BECAUSE, ACCORDING TO OUR RECORDS, YOU DIDN'T PAY YOUR TAX ON TIME. WE FIGURE INTEREST FROM THE DUE DATE OF YOUR RETURN TO THE DATE WE RECEIVE YOUR FULL PAYMENT OR THE DATE OF THIS NOTICE (REGARDLESS OF EXTENSIONS).

CORPORATE INTEREST - WE CHARGE ADDITIONAL INTEREST OF 2% BECAUSE, ACCORDING TO OUR RECORDS, YOU DIDN'T MAKE YOUR CORPORATE TAX PAYMENT WITHIN 30 DAYS AFTER THE IRS NOTIFIED YOU OF THE UNDERPAYMENT OF TAX. THIS INTEREST BEGINS ON THE 31ST DAY AFTER WE NOTIFY YOU OF THE UNDERPAYMENT ON TAX AMOUNTS YOU OWE OVER $100,000, MINUS YOUR TIMELY PAYMENTS AND CREDITS.

INTEREST REDUCED

IF WE REDUCE INTEREST THAT YOU PREVIOUSLY REPORTED AS A DEDUCTION ON YOUR TAX RETURN, YOU MUST REPORT THIS REDUCTION OF INTEREST AS INCOME ON YOUR TAX RETURN FOR THE YEAR WE REDUCE IT.

INTEREST REMOVED - ERRONEOUS REFUND

THE LAW REQUIRES US TO REMOVE INTEREST UP TO THE DATE WE REQUEST YOU TO REPAY THE ERRONEOUS REFUND WHEN:

- YOU DIDN'T CAUSE THE ERRONEOUS REFUND IN ANY WAY, AND
- THE REFUND DOESN'T EXCEED $50,000.

THE IRS MAY REMOVE OR REDUCE INTEREST ON OTHER ERRONEOUS REFUNDS BASED ON FACTS AND CIRCUMSTANCES INVOLVED IN EACH CASE.

ANNUAL INTEREST NETTING

EFFECTIVE JANUARY 1, 1987, THROUGH DECEMBER 31, 1998, THE INTEREST RATE WE PAID ON THE OVERPAYMENT OF TAXES WAS 1% LESS THAN THE INTEREST RATE WE CHARGED ON THE UNDERPAYMENT OF TAXES. AS OF JANUARY 1, 1999, THE OVERPAYMENT AND UNDERPAYMENT RATES OF INTEREST THAT WE PAY AND CHARGE ARE THE SAME, EXCEPT FOR CORPORATE OVERPAYMENTS. IF WE REFUND AN OVERPAYMENT WITH INTEREST AND WE HAVE TO INCREASE THE TAX AT A LATER DATE, WE GIVE SPECIAL CONSIDERATION TO THE INTEREST ON THAT ACCOUNT.

ON THE TAX INCREASE MADE AFTER THE REFUND, WE WILL CHARGE THE LOWER REFUND RATE OF INTEREST (UP TO THE AMOUNT OF THE REFUND) FOR THE SAME TIME PERIOD THAT WE PAID INTEREST ON THE OVERPAYMENT.

NET RATE OF INTEREST

FOR INTEREST PERIODS BEGINNING AFTER JULY 22, 1998, IF YOU OWE INTEREST TO THE IRS ON AN UNDERPAYMENT FOR THE SAME PERIOD OF TIME THAT THE IRS OWES YOU INTEREST ON AN OVERPAYMENT, THE IRS WILL CHARGE YOU INTEREST AT THE OVERPAYMENT INTEREST RATE ON THE AMOUNT OF UNDERPAYMENT, UP TO THE AMOUNT OF OVERPAYMENT.

FOR INTEREST PERIODS BEGINNING BEFORE JULY 22, 1998, THE SAME RULE APPLIES IF:
- YOU REASONABLY IDENTIFY AND SHOW THE PERIODS DURING WHICH YOUR UNDERPAYMENT AND OVERPAYMENT AMOUNTS ARE EQUAL,
- YOUR STATUTE OF LIMITATIONS HAS NOT EXPIRED, AND
- YOU REQUEST INTEREST NETTING NO LATER THAN DECEMBER 31, 1999.

TO REQUEST INTEREST NETTING, COMPLETE FORM 843, CLAIM FOR REFUND AND REQUEST FOR ABATEMENT, AND FILE IT AT THE IRS OFFICE WHERE YOU FILED YOUR RETURN.

---

'ETURN THIS PART TO US WITH YOUR CHECK OR INQUIRY
'OUR TELEPHONE NUMBER      BEST TIME TO CALL
)     -

AMOUNT YOU OWE..................$11,481.60

LESS PAYMENTS NOT INCLUDED.$__________

PAY ADJUSTED AMOUNT........$__________

079448142 VJ GOLD 51 0 199612 670    00001148160

220

INTERNAL REVENUE SERVICE
HOLTSVILLE NY 00501

QUEENIE GOLDMAN
SALTZER LASSAR PICCINNINI
%JEFFREY L SALTZER
225 WEST 34TH STREET
NEW YORK NY 10122-0199258

200017 1609

19547-511-00005-0

Form **843** (Rev. January 1997)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves* **(a)** *one of the taxes shown on line 3a or* **(b)** *a refund or abatement of interest, penalties, or additions to tax on line 4a.*

**Do not** *use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund of fuel taxes;*
- *An overpayment of excise taxes reported on Form 720, 730, or 2290 (see* **General Instructions**).

Please type or print

| | |
|---|---|
| Name of claimant<br>QUEENIE SCHAFFER | Your social security number<br>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 |
| Address (number, street, and room or suite no.)<br>165 UNDERHILL ROAD | Spouse's social security number |
| City or town, state, and ZIP code<br>SCARSDALE, NY 10583 | Employer identification number |
| Name and address shown on return if different from above | Daytime telephone number |

1 Period — prepare a separate Form 843 for each tax period
From JANUARY 1, 19 97, to DECEMBER 31, 19 97

2 Amount to be refunded or abated
$ 9,123 *

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☒ Gift ☐ Excise (unless reported on Form 720, 730, or 2290 — see instructions.)
☐ Penalty — IRC section ▶ 2501

b Type of return filed (see instructions):
☐ 706 ☒ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☐ Other (specify)

4a Request for abatement or refund of:
☐ Interest caused by IRS errors or delays (if applicable — see instructions).
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax.
SEE ATTACHED

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) Date

Signature Date

**For Paperwork Reduction Act Notice, see separa**
ISA
STF FED1524F

Form **843** (Rev. 1-97)

* includes interest

**EXHIBIT C**

Queenie Schaffer
SS # 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
Form 843 Attachment
1997

The Taxpayer is filing this claim for refund due to the IRS's overvaluation of Case Paper Company Inc. stock, which was gifted by the Taxpayer in the above referenced year. The taxpayer has ascertained the correct fair market value of said stock as of the date of the gift by an independent appraisal, which supports this claim for refund.

Schaffer
Federal 1994-1997 Gift Tax Audit
Additional Amounts Paid

IRS notices dated May 8, 2000 ( see attached )

| Taxpayer | 1995 | | | 1996 | | | 1997 | | | TOTALS | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Fed tax | Fed int | Total | Fed tax | Fed int | Total | Fed tax | Fed int | Total | Fed tax | Fed int | Total |
| Robin | 92,253.21 | 37,334.92 | 129,588.13 | 8,923.24 | 2,558.36 | 11,481.60 | 7,754.94 | 1,368.44 | 9,123.38 | 108,931.39 | 41,261.72 | 150,193.11 |
| Queenie | 92,253.21 | 37,334.92 | 129,588.13 | 8,923.24 | 2,558.36 | 11,481.60 | 7,754.94 | 1,368.44 | 9,123.38 | 108,931.39 | 41,261.72 | 150,193.11 |
| **Total** | 184,506.42 | 74,669.84 | 259,176.26 | 17,846.48 | 5,116.72 | 22,963.20 | 15,509.88 | 2,736.88 | 18,246.76 | 217,862.78 | 82,523.44 | 300,386.22 |

5/1/2002

Department of the Treasury
Internal Revenue Service
HOLTSVILLE NY 00501

Date of this notice: MAY 8, 2000
Taxpayer Indentifying Number 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
Form: 709 Tax Period: DEC. 31, 1997

For assistance you may call us at:

1-800-829-8815

QUEENIE GOLDMAN
SALTZER LASSAR PICCINNINI
%JEFFREY L SALTZER
225 WEST 34TH STREET
NEW YORK NY 10122-0199258

STATEMENT OF ADJUSTMENT TO YOUR ACCOUNT

| | | |
|---|---|---|
| BALANCE DUE ON ACCOUNT BEFORE ADJUSTMENT | | $.00 |
| ADJUSTMENT COMPUTATION | | |
| TAX-INCREASE | $7,754.94 | |
| INTEREST CHARGED | 1,368.44 ✓ | |
| NET ADJUSTMENT CHARGE | | 9,123.38 |
| BALANCE DUE | | $9,123.38 |

TO AVOID ADDITIONAL FAILURE TO PAY PENALTY AND INTEREST, PLEASE ALLOW ENOUGH MAILING TIME SO THAT WE RECEIVE YOUR PAYMENT BY MAY 29, 2000. MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO THE UNITED STATES TREASURY. SHOW YOUR TAXPAYER IDENTIFICATION NUMBER OR YOUR IDENTIFYING NUMBER ON YOUR PAYMENT AND MAIL IT WITH THE STUB PORTION OF THIS NOTICE. IF YOU THINK WE MADE A MISTAKE, PLEASE CALL US AT THE NUMBER LISTED ABOVE. WHEN YOU CALL, PLEASE HAVE YOUR PAYMENT INFORMATION AND A COPY OF YOUR TAX RETURN AVAILABLE. THIS INFORMATION WILL HELP US FIND ANY PAYMENT YOU MADE THAT WE HAVEN'T APPLIED.

ABOUT YOUR NOTICE. YOU MAY CALL YOUR LOCAL IRS TELEPHONE NUMBER IF THE NUMBER SHOWN IS A LONG-DISTANCE CALL FOR YOU. ALL DAYS MENTIONED IN THE PARAGRAPHS BELOW ARE CALENDAR DAYS, UNLESS SPECIFICALLY STATED OTHERWISE.

ACTION REQUIRED ON BALANCE DUE ACCOUNTS

PAYMENT - PLEASE MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO THE UNITED STATES TREASURY. WRITE ON YOUR PAYMENT YOUR SOCIAL SECURITY NUMBER OR EMPLOYER IDENTIFICATION NUMBER, THE TAX PERIOD AND TAX FORM. MAIL YOUR PAYMENT WITH THE BOTTOM PART STUB OF YOUR NOTICE IN THE ENCLOSED ENVELOPE, OR TO THE ADDRESS ON THE FRONT OF YOUR NOTICE.

NOTICE ABOUT PARTIAL PAYMENTS - GENERALLY, WE APPLY YOUR PAYMENT FIRST TO TAX, THEN TO PENALTY, AND FINALLY TO THE INTEREST YOU OWE.

4/15/98 - 5/29/00

7754.94 x 8% = 620.39 ÷ 12 = 51.69 /mo

51.69 x 25.5 = 1318.09

THE INTEREST RATES ON UNDERPAYMENT AND OVERPAYMENT OF TAXES ARE AS FOLLOWS:

| PERIODS | PERCENTAGE RATES UNDERPAYMENT | OVERPAYMENT |
|---|---|---|
| OCTOBER 1, 1988 THROUGH MARCH 31, 1989 | 11 | 10 |
| APRIL 1, 1989 THROUGH SEPTEMBER 30, 1989 | 12 | 11 |
| OCTOBER 1, 1989 THROUGH MARCH 31, 1991 | 11 | 10 |
| APRIL 1, 1991 THROUGH DECEMBER 31, 1991 | 10 | 9 |
| JANUARY 1, 1992 THROUGH MARCH 31, 1992 | 9 | 8 |
| APRIL 1, 1992 THROUGH SEPTEMBER 30, 1992 | 8 | 7 |
| OCTOBER 1, 1992 THROUGH JUNE 30, 1994 | 7 | 6 |
| JULY 1, 1994 THROUGH SEPTEMBER 30, 1994 | 8 | 7 |
| OCTOBER 1, 1994 THROUGH MARCH 31, 1995 | 9 | 8 |
| APRIL 1, 1995 THROUGH JUNE 30, 1995 | 10 | 9 |
| JULY 1, 1995 THROUGH MARCH 31, 1996 | 9 | 8 |
| APRIL 1, 1996 THROUGH JUNE 30, 1996 | 8 | 7 |
| JULY 1, 1996 THROUGH MARCH 31, 1998 | 9 | 8 |
| APRIL 1, 1998 THROUGH DECEMBER 31, 1998 | 8 | 7 |
| JANUARY 1, 1999 THROUGH MARCH 31, 1999 | 7 | 7 |
| APRIL 1, 1999 THROUGH MARCH 31, 2000 | 8 | 8 |
| BEGINNING APRIL 1, 2000 | 9 | 9 |

BEGINNING JANUARY 1, 1999, THE INTEREST RATE WE PAY ON OVERPAYMENT OF TAXES, EXCEPT FOR CORPORATE TAXES, IS THE SAME AS THE RATE OF INTEREST WE CHARGE ON THE UNDERPAYMENT OF TAXES. THE LAW REQUIRES US TO REDETERMINE THESE INTEREST RATES QUARTERLY. FROM JANUARY 1, 1987 THROUGH DECEMBER 31, 1998, THE INTEREST RATE WE PAID ON AN OVERPAYMENT OF TAXES WAS ONE PERCENT LESS THAN THE RATE OF INTEREST WE CHARGED ON YOUR UNDERPAYMENT OF TAXES.

WE COMPOUND INTEREST DAILY EXCEPT ON LATE OR UNDERPAID ESTIMATED TAXES FOR INDIVIDUALS OR CORPORATIONS.

WE CHARGE A SPECIAL INTEREST RATE OF 120 PERCENT OF THE UNDERPAYMENT RATE IF:

- THE RETURN, NOT INCLUDING EXTENSIONS, WAS DUE BEFORE JANUARY 1, 1990,
- THE UNDERPAYMENT WAS MORE THAN $1,000, AND
- THE UNDERPAYMENT CAME FROM A TAX-MOTIVATED TRANSACTION.

WE CHARGE INTEREST ON PENALTIES FOR LATE FILING, OVER OR UNDERSTATING VALUATIONS, AND SUBSTANTIALLY UNDERSTATING THE TAX YOU OWE. ALSO, WE CHARGE INTEREST ON FRAUD AND NEGLIGENCE PENALTIES IF THE TAX RETURNS, INCLUDING EXTENSIONS, ARE DUE AFTER DECEMBER 31, 1988.

WE CONTINUE TO CHARGE INTEREST UNTIL YOU PAY THE AMOUNT YOU OWE IN FULL.

AFTER DECEMBER 31, 1990, THE LAW ALLOWS US TO CHARGE INTEREST AT THE UNDERPAYMENT RATE PLUS TWO PERCENT ON UNDERPAYMENTS OF MORE THAN $100,000 FOR LARGE (C) CORPORATIONS.

$1,368.44 INTEREST

WE CHARGE INTEREST BECAUSE, ACCORDING TO OUR RECORDS, YOU DIDN'T PAY YOUR TAX ON TIME. WE FIGURE INTEREST FROM THE DUE DATE OF YOUR RETURN TO THE DATE WE RECEIVE YOUR FULL PAYMENT OR THE DATE OF THIS NOTICE (REGARDLESS OF EXTENSIONS).

CORPORATE INTEREST - WE CHARGE ADDITIONAL INTEREST OF 2% BECAUSE, ACCORDING TO OUR RECORDS, YOU DIDN'T MAKE YOUR CORPORATE TAX PAYMENT WITHIN 30 DAYS AFTER THE IRS NOTIFIED YOU OF THE UNDERPAYMENT OF TAX. THIS INTEREST BEGINS ON THE 31ST DAY AFTER WE NOTIFY YOU OF THE UNDERPAYMENT ON TAX AMOUNTS YOU OWE OVER $100,000, MINUS YOUR TIMELY PAYMENTS AND CREDITS.

INTEREST REDUCED

IF WE REDUCE INTEREST THAT YOU PREVIOUSLY REPORTED AS A DEDUCTION ON YOUR TAX RETURN, YOU MUST REPORT THIS REDUCTION OF INTEREST AS INCOME ON YOUR TAX RETURN FOR THE YEAR WE REDUCE IT.

INTEREST REMOVED - ERRONEOUS REFUND

THE LAW REQUIRES US TO REMOVE INTEREST UP TO THE DATE WE REQUEST YOU TO REPAY THE ERRONEOUS REFUND WHEN:

- YOU DIDN'T CAUSE THE ERRONEOUS REFUND IN ANY WAY, AND
- THE REFUND DOESN'T EXCEED $50,000.

THE IRS MAY REMOVE OR REDUCE INTEREST ON OTHER ERRONEOUS REFUNDS BASED ON FACTS AND CIRCUMSTANCES INVOLVED IN EACH CASE.

ANNUAL INTEREST NETTING

EFFECTIVE JANUARY 1, 1987, THROUGH DECEMBER 31, 1998, THE INTEREST RATE WE PAID ON THE OVERPAYMENT OF TAXES WAS 1% LESS THAN THE INTEREST RATE WE CHARGED ON THE UNDERPAYMENT OF TAXES. AS OF JANUARY 1, 1999, THE OVERPAYMENT AND UNDERPAYMENT RATES OF INTEREST THAT WE PAY AND CHARGE ARE THE SAME, EXCEPT FOR CORPORATE OVERPAYMENTS. IF WE REFUND AN OVERPAYMENT WITH INTEREST AND WE HAVE TO INCREASE THE TAX AT A LATER DATE, WE GIVE SPECIAL CONSIDERATION TO THE INTEREST ON THAT ACCOUNT.

ON THE TAX INCREASE MADE AFTER THE REFUND, WE WILL CHARGE THE LOWER REFUND RATE OF INTEREST (UP TO THE AMOUNT OF THE REFUND) FOR THE SAME TIME PERIOD THAT WE PAID INTEREST ON THE OVERPAYMENT.

NET RATE OF INTEREST

FOR INTEREST PERIODS BEGINNING AFTER JULY 22, 1998, IF YOU OWE INTEREST TO THE IRS ON AN UNDERPAYMENT FOR THE SAME PERIOD OF TIME THAT THE IRS OWES YOU INTEREST ON AN OVERPAYMENT, THE IRS WILL CHARGE YOU INTEREST AT THE OVERPAYMENT INTEREST RATE ON THE AMOUNT OF UNDERPAYMENT, UP TO THE AMOUNT OF OVERPAYMENT.

FOR INTEREST PERIODS BEGINNING BEFORE JULY 22, 1998, THE SAME RULE APPLIES IF:
- YOU REASONABLY IDENTIFY AND SHOW THE PERIODS DURING WHICH YOUR UNDERPAYMENT AND OVERPAYMENT AMOUNTS ARE EQUAL,
- YOUR STATUTE OF LIMITATIONS HAS NOT EXPIRED, AND
- YOU REQUEST INTEREST NETTING NO LATER THAN DECEMBER 31, 1999.

TO REQUEST INTEREST NETTING, COMPLETE FORM 843, CLAIM FOR REFUND AND REQUEST FOR ABATEMENT, AND FILE IT AT THE IRS OFFICE WHERE YOU FILED YOUR RETURN.

---

ETURN THIS PART TO US WITH YOUR CHECK OR INQUIRY
OUR TELEPHONE NUMBER BEST TIME TO CALL
) -

AMOUNT YOU OWE..................$9,123.38

LESS PAYMENTS NOT INCLUDED.$______________

PAY ADJUSTED AMOUNT........$______________

079448142 VJ GOLD 51 0 199712 670 00000912338

220

INTERNAL REVENUE SERVICE
HOLTSVILLE NY 00501

QUEENIE GOLDMAN
SALTZER LASSAR PICCINNINI
%JEFFREY L SALTZER
225 WEST 34TH STREET
NEW YORK NY 10122-0199258

200017 1609

19547-511-00003-0